UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| APOLINAR RAMIREZ and PATRICIA LOPEZ, | Case No. 24-CV-0038 (PJS/DTS) |
| Plaintiffs, | |
| v. | ORDER |
| HANBERY & TURNER, P.A., | |
| Defendant. | |

Ryan D. Peterson, CONSUMER ATTORNEYS, PLC, for plaintiffs.

Bryce Daniel Riddle, Jessica L. Klander, and Nicholas J. Prola, BASSFORD REMELE, for defendant.

Plaintiffs Apolinar Ramirez and Patricia Lopez brought this lawsuit against defendant Hanbery & Turner, P.A. ("Hanbery"), which represented plaintiffs' landlord in unsuccessful state-court proceedings to evict them. Plaintiffs assert federal claims under the Fair Debt Collection Practices Act ("FDCPA") and state claims for malicious prosecution and deceit with intent to deceive a party to a judicial proceeding. This matter is before the Court on plaintiffs' objection to Magistrate Judge David T. Schultz's order denying plaintiffs' motion to amend their complaint to add a claim for punitive damages. Because Judge Schultz denied plaintiffs' motion on futility grounds, the Court reviews the order de novo. D. Minn. LR 72.2(a)(3)(B); *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010). Based on that review, the Court finds that plaintiffs have

pleaded sufficient facts to state a plausible claim for punitive damages and therefore grants their motion to amend.

Judge Schultz denied plaintiffs' motion on the basis that they had not sufficiently alleged that Hanbery acted with "deliberate disregard" for plaintiffs' rights or safety in the course of litigating the underlying eviction action. Minn. Stat. § 549.20 subdiv. 1(a)–(b). A defendant shows "deliberate disregard" when she "has knowledge of" or "intentionally disregards facts" that threaten the "rights or safety of others" and when she deliberately acts with "conscious or intentional disregard of" or "indifference to" that threat. *Id.* subdiv. 1(b)–(b)(2).

Hanbery concedes that "[t]he crux of the [eviction] dispute was whether [p]laintiffs had signed a lease . . . requiring them to pay utilities." ECF No. 38 at 3. And yet, according to the proposed amended complaint, Hanbery never produced such a lease despite being asked repeatedly to do so. ECF No. 23 ¶¶ 37, 39, 41, 42, 45, 46, 48, 50. Worse, Hanbery responded to plaintiffs' requests by variously (1) claiming that it had located the lease but later admitting that this was untrue, *id.* ¶ 39; (2) agreeing to send the lease to plaintiffs' counsel but then sending her other documents and, when confronted, admitting that it had not actually located the lease, *id.*; (3) asking plaintiffs' counsel to agree to a continuance on the eve of trial because, due to "staffing issues," Hanbery had been unable to locate the lease, *id.* ¶ 45; (4) sending plaintiffs' counsel—on

the day of trial—approximately 25 PDF files and falsely claiming that the lease was among them, *id.* ¶¶ 46–47; and (5) when confronted with the falsity of this day-of-trial representation, pivoting to a claim that the lease file had been corrupted and could not be shared, *id.* ¶ 48.

When all reasonable inferences are taken for plaintiffs, these allegations adequately support their claim that Hanbery knowingly and repeatedly lied about seeing a copy of the lease. *See id.* ¶¶ 39–50. Moreover, these allegations are sufficient to support a claim that Hanbery, at a minimum, intentionally disregarded whether plaintiffs had ever actually signed a lease requiring them to pay utilities—something plaintiffs repeatedly denied. According to plaintiffs, despite the fact that Hanbery never saw a lease signed by plaintiffs that required them to pay utilities, Hanbery brought the eviction action against plaintiffs and litigated that action to the day of trial, along the way repeatedly and explicitly representing to plaintiffs and the court that Hanbery had seen a utilities-inclusive lease signed by plaintiffs when in fact it had not. Whether plaintiffs can prove these allegations is a question for another day. At the pleading stage, however, this is enough.

For these reasons, Judge Schultz's order is reversed, and plaintiffs' motion to amend their complaint is granted.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Plaintiffs' objection [ECF No. 37] is SUSTAINED.

2. The magistrate judge's order [ECF No. 36] is REVERSED.

3. Plaintiffs' motion to amend their complaint to add a claim for punitive damages [ECF No. 20] is GRANTED.

Dated: October 29, 2024             s/Patrick J. Schiltz
                                    Patrick J. Schiltz, Chief Judge
                                    United States District Court